UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO: 25-2581-CV

**MELISSA RIVERA, JOSE RIVERA-APONTE,
A.R.,**
Plaintiffs,

vs                                                        **[JURY DEMAND]**

**SWH 2017-1 BORROWER LP,** a
Delaware Limited Partnership, and
**THR PROPERTY MANAGEMENT, L.P.** d/b/a
**INVITATION HOMES,**
Defendants.

## COMPLAINT

Plaintiffs hereby sues Defendants, and alleges:

## Parties

1. Plaintiff, **Melissa Rivera,** is a citizen of Florida.

2. Plaintiff, **Jose Rivera-Aponte**, is a citizen of Florida.

3. Plaintiffs, **Melissa and Jose Rivera-Aponte**, bring this action in their representative capacity on behalf of **A.R.**, a minor child. **Melissa and Jose Rivera-Aponte** are the parents of **A.R.**

4. At all relevant times, Defendant, **SWH 2017-1 Borrower LP.** (hereinafter "SWH") is a Delaware limited partnership.

PIERRE SIMON
600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 1

5. SWH owned, leased, controlled, operated, maintained, and or was in possession of the residential property located at 4963 San Jose Dr, Sarasota, FL 34235 in Sarasota County, Florida (hereinafter, "the premises").

6. At all relevant times, Defendant, **THR Property Management, L.P.** doing business as Invitation Homes (hereinafter, "THR"), is a Delaware limited partnership.

7. THR by and through its employees, agents, servants, and or representatives managed, maintained, controlled, operated, and or was in possession of the aforesaid premises and the common areas.

8. At all times relevant THR was the agent of SWH, and charged with the maintenance and management of the premises.

### Jurisdiction and Venue

9. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

10. Plaintiffs are citizens of **Florida.**

11. Defendant SWH is a limited partnership organized under the laws of Delaware, with its principal place of business in Texas.

12. SWH's general partner is SWH 2017-1 Borrower GP, LLC ("SWH GP"), a limited liability company organized under the laws of Delaware, with its principal place of business in Texas.


600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

13. SWH GP's sole member is SWH 2017-1 Equity Owner LLC ("SWH Equity Owner"), a limited liability company organized under the laws of Delaware, with its principal place of business in Texas.

14. SWH Equity Owner's sole member is Invitation Homes Inc., a publicly traded corporation incorporated in Maryland, with its principal place of business in Texas.

15. Defendant THR is a Delaware limited partnership. Its limited partner is Invitation Homes L.P., a Delaware limited partnership. The limited partner of Invitation Homes L.P. is Invitation Homes Operating Partnership L.P., a Delaware limited partnership.

16. The general partner of Invitation Homes Operating Partnership L.P. is Invitation Homes OP GP LLC, a Delaware limited liability company. The sole member of Invitation Homes OP GP LLC is Invitation Homes Inc., a publicly held corporation incorporated in Maryland, with its principal place of business in Texas.

17. None of the partners of Invitation Homes Operating Partnership L.P.—including its general partner, Invitation Homes OP GP LLC, and its limited partner, Invitation Homes Inc.—nor the members of any related entities in this ownership chain, are citizens of Florida.



18.     The general partner of Invitation Homes L.P. is Invitation Homes GP LLC, a Delaware limited liability company. The sole member of Invitation Homes GP LLC is Invitation Homes Operating Partnership L.P. Accordingly, none of the partners of Invitation Homes L.P., nor the members of any related entities in this chain, are citizens of Florida.

19.     Defendant THR's general partner is THR Property Holdco GP LLC, a Delaware limited liability company. The sole member of THR Property Holdco GP LLC is Invitation Homes L.P. Accordingly, none of the partners of Defendant THR, nor the members of any related entities in this chain, are citizens of Florida.

20.     Accordingly, for purposes of diversity of citizenship, Defendants are citizens of **Maryland, Delaware, and Texas**.

21.     Therefore, complete diversity of citizenship exists.

22.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     Venue is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Middle District of Florida.

24.     All condition precedents have been satisfied.

## STATEMENT OF FACTS



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 4

25. Defendants—operating under the name "Invitation Homes"—are the largest landlord of single-family rental homes in the United States.[1]

26. Defendants own and manage more than 80,000 homes across the United States.

27. Defendants have a history of neglecting property maintenance, failing to comply with housing and health codes, and exposing tenants to unsafe, unfit, and unsanitary living conditions.

28. Defendants have been repeatedly sued nationwide for their pattern of failing to maintain their properties. This case is another action in which tenants—including Plaintiffs—seek damages for Defendants' refusal to keep their properties habitable.

29. On or about September 15, 2023, Plaintiffs Melissa Rivera and Jose Rivera-Aponte executed a written residential lease for premises in Sarasota County, Florida.

---

[1] The Federal Trade Commission reached a $48 million settlement with Invitation Homes, accusing the company of failing to maintain rental properties and mishandling security deposits. *See Press Release, Fed. Trade Comm'n, FTC Takes Action Against Invitation Homes for Deceiving Renters, Charging Junk Fees, Withholding Security Deposits, and Employing Unfair Eviction Practices* (Sept. 24, 2024), https://www.ftc.gov/news-events/news/press-releases/2024/09/ftc-takes-action-against-invitation-homes-deceiving-renters-charging-junk-fees-withholding-security-deposits-and-employing-unfair-eviction-practices.

30. Plaintiff A.R., a minor child, resided at the premises but was not a signatory or a third party benefactor to the lease.

31. In or about February 2024, Melissa and Jose Rivera-Aponte discovered mold throughout the premises. The mold emanated from a severe roof leak.

32. The roof, originally from the 1970s, had not been replaced. It was damaged beyond repair, allowing rainwater to penetrate the structure and cause widespread water damage. Water intrusion from the roof leak soaked the cabinets, walls, ceilings, and floors.

33. The home was unfit, unsafe, and unsanitary.

34. The damage was not caused by any act or omission of the Plaintiffs.

35. As a result of these conditions, Melissa and Jose Rivera-Aponte began experiencing mold-related illnesses. Melissa Rivera developed contact dermatitis on her upper and lower extremities. Jose Rivera-Aponte was diagnosed with abnormally high levels of mold in his system. Both required medical treatment, including prescription medication. Their physicians concluded that the illnesses were caused by their mold exposure in the home and advised Plaintiffs to relocate immediately for their health and safety. At the very least, the mold exposure served as irritants to the Plaintiffs.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

36. Melissa and Jose Rivera-Aponte observed that A.R. experienced discomfort due to the housing conditions.

37. Plaintiffs obtained a home mold test, which returned positive for mold. Plaintiffs notified Defendants of the results, but received no response.

38. On March 18, 2024, Plaintiffs submitted a work order regarding the roof leak, a ceiling crack, and visible mold. Defendants initially scheduled a repair but canceled the appointment on March 21, 2024, without notifying Plaintiffs.

39. On March 27, 2024, a contractor arrived but performed no meaningful maintenance. The contractor sprayed unidentified chemicals while wearing a protective mask, leaving Plaintiffs and A.R. exposed to fumes. The contractor did not address the roof leak or the water intrusion, and the spray did nothing to remediate the mold.

40. On April 1, 2024, Plaintiffs served Defendants with a written Seven-Day Notice to Landlord pursuant to section 83.56, Florida Statutes (Notice from Tenant to Landlord—Withholding Rent for Failure of Landlord to Maintain Premises). The notice advised that Defendants were in violation of section 83.51(1), Florida Statutes, and the lease, and stated that if the conditions were not repaired within seven days, Plaintiffs would withhold rent and/or terminate the lease.


600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

41. On April 9, 2024, Plaintiffs retained a licensed mold inspector to evaluate the property. The inspection revealed:

    a. Mold growth in the air vents, kitchen, bathrooms, cabinets, and floors;

    b. Water damage in nearly every room of the home; and

    c. Abnormal and hazardous levels of mold in the indoor air.

42. Melissa Rivera promptly informed Defendants of the inspection findings.

43. As a result of the deteriorated roof, ongoing water intrusion, and rampant mold, the home became uninhabitable. After the seven-day notice period expired, Defendants failed and refused to correct the hazardous conditions, including the roof leak, water intrusion, and pervasive mold. Despite numerous reports and complaints from the Plaintiffs, Defendants did not repair the home.

44. Plaintiffs were ultimately forced to vacate the premises to protect their physical and mental health. Although Defendants returned Plaintiffs' security deposit, they refused to compensate Plaintiffs for their losses, including property damage, personal injury, emotional distress, and relocation costs.

45. Defendants failed to meet their basic maintenance obligations. They did not comply with their duties under the lease or Florida law to properly maintain and repair the premises, including, but not limited to, replacing the roof, remediating the



mold, and eliminating the water intrusion. Defendants' refusal to repair the home continuously exposed Plaintiffs to unsafe, unsanitary, and unfit living conditions.

46. Defendants acted with malicious or reckless disregard for their tenants' health and safety. Defendants were aware of the uninhabitable conditions and had the ability to repair them but chose not to do so. Their actions and inaction caused Plaintiffs to suffer health problems, discomfort, and inconvenience, as well as emotional distress concerning the home's sanitary condition.

47. Defendants violated Florida law by failing to:

   a. Comply with applicable building, housing, and health codes;

   b. Make all repairs and do whatever was necessary to put and keep the premises in a fit and habitable condition; and

   c. Perform all duties under the lease and those required by Florida law in good faith.

## COUNT I - BREACH OF CONTRACT

48. Plaintiffs Melissa Rivera and Jose Rivera-Aponte brings this breach of contract claim against SWH.

49. Plaintiffs re-allege ¶¶25–47 as if fully set forth herein.


600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

50.  On or about September 15, 2023, Plaintiffs and SWH entered into a written residential lease for a single-family home in Sarasota County, Florida (the "Lease").

51.  The Lease—together with Florida law incorporated into every residential rental agreement—required SWH to:

   a. Comply with applicable building, housing, and health codes; and, where none apply,

   b. Maintain the roof, structural components, and plumbing in good repair and otherwise keep the premises in a fit and habitable condition; and

   c. Perform its duties in good faith.

52.  SWH breached the Lease by failing to keep the premises code-compliant, fit, and habitable. Without limitation, SWH:

   a. Failed to repair or replace the deteriorated roof, allowing ongoing water intrusion;

   b. Failed to remediate pervasive mold and address water-damaged cabinets, walls, ceilings, and floors;

   c. Canceled or provided inadequate repairs after notice (including the March 18, 2024 work order, the March 27, 2024 cursory "spray" visit, and the April 1, 2024 Seven-Day Notice); and



    d. Otherwise failed to comply with applicable codes and to do what was necessary to put and keep the premises in a fit and habitable condition.

53. As a direct and proximate result of SWH's breach, Plaintiffs suffered damages, including but not limited to: rent abatement/return for periods of noncompliance, loss of use and enjoyment, diminution in value of the leasehold, property damage, and out-of-pocket expenses reasonably incurred to mitigate and relocate. Additionally, Plaintiffs are entitled to nominal damages.

## COUNT II- BREACH OF IMPLIED COVENANT OF QUIET ENJOYMENT

54. Plaintiffs Melissa Rivera and Jose Rivera-Aponte brings this breach of implied covenant of quiet enjoyment claim against SWH.

55. Plaintiffs re-allege ¶¶25–47 as if fully set forth herein.

56. On or about September 15, 2023, Plaintiffs and Defendants entered a written residential lease for a single-family home in Sarasota County, Florida.

57. Florida law implies a covenant of quiet enjoyment in every lease unless displaced by inconsistent express terms; the covenant protects a tenant's right to private, peaceful possession and beneficial use of the premises.

58. Beginning in or about February 2024, a severe roof leak from the premise's roof allowed extensive water intrusion, soaking cabinets, walls, ceilings,



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

and floors and causing widespread mold, rendering the home unfit, unsafe, and unsanitary. The conditions were not caused by any act or omission of Plaintiffs.

59. Plaintiffs repeatedly notified Defendants and sought repairs: positive home mold test; March 18, 2024 work order for the roof leak, ceiling crack, and visible mold; a superficial spray visit on March 27, 2024 that failed to address the roof or water intrusion; and a Seven-Day Notice to Landlord on April 1, 2024.

60. On April 9, 2024, a licensed mold inspector documented abnormal and hazardous indoor mold levels, mold in vents, kitchen, bathrooms, cabinets, and floors, and water damage in nearly every room. Plaintiffs promptly relayed these results to Defendants.

61. Defendants' failure to repair the roof, stop the water intrusion, or remediate the mold after the notice period expired constituted a breach of the covenant of quiet enjoyment. Their refusal to act, despite repeated complaints, substantially interfered with the Plaintiffs' beneficial use of the premises.

62. As a direct and proximate result of Defendants' breach, Plaintiffs suffered damages, including, without limitation: (a) rent abatement/overpayments during periods of noncompliance; (b) loss of use and enjoyment; (c) property damage; (d) relocation expenses; (e) medical expenses associated with mold-related illness; and (f) other consequential damages.


600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

## COUNT III - BREACH OF WARRANTY OF HABITABILITY UNDER THE FLORIDA RESIDENTIAL LANDLORD AND TENANT ACT

63. Plaintiffs Melissa Rivera, Jose Rivera-Aponte, A.R., brings this breach of warranty of habitability claim against SWH.

64. Plaintiffs re-allege ¶¶25–47 as if fully set forth herein.

65. On or about September 15, 2023, Plaintiffs became tenants of Defendant (landlord) for a single-family home in Sarasota County, Florida.

66. At all times during the tenancy, Defendant, as the landlord, was required by § 83.51(1), Fla. Stat. to (a) comply with applicable building, housing, and health codes; or, where none apply, (b) maintain the roof and all structural components in good repair and the plumbing in reasonable working condition.

67. Beginning in or about February 2024, the premises suffered a severe roof leak causing water intrusion that soaked cabinets, walls, ceilings, and floors and produced widespread mold, rendering the home unfit, unsafe, and unsanitary.

68. Plaintiffs repeatedly notified Defendants and sought repairs, including: a positive mold test; a March 18, 2024 work order; and, on April 1, 2024, a Seven-Day Notice to Landlord pursuant to § 83.56(1) advising Defendants that Plaintiffs would withhold rent and/or terminate if material noncompliance was not cured within seven days. On April 9, 2024, a licensed mold inspector confirmed hazardous indoor mold levels, mold throughout the home (vents, kitchen, bathrooms, cabinets,


600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

floors), and water damage throughout the premises. Plaintiffs promptly provided the findings to Defendants.

69. Defendants nevertheless failed and refused to repair the roof, stop the water intrusion, or remediate the mold after the notice period expired, despite multiple complaints. This ongoing material noncompliance violated § 83.51(1).

70. As a direct and proximate cause of Defendant's statutory breach, Plaintiffs suffered damages including, without limitation: rent abatement/overpayments during periods of noncompliance; loss of use and enjoyment; property damage; relocation expenses; medical expenses associated with mold-related illness; and other damages.

## COUNT IV – CONSTRUCTIVE EVICTION

71. Plaintiffs Melissa Rivera, Jose Rivera-Aponte, and their minor child, A.R., assert a claim for constructive eviction against SWH.

72. SWH's continuous failure to address the deficient roof, which resulted in significant water intrusion and a pervasive mold problem, rendered the premises uninhabitable. Despite repeated complaints by the Plaintiffs, SWH refused to take action to remediate the mold or repair the roof.

73. The unsafe and unhealthy living conditions created by SWH's inaction permanently deprived Plaintiffs of the beneficial use and enjoyment of the property, forcing the Plaintiffs to abandon the premises.

74. As a direct result of this constructive eviction, the Plaintiffs have suffered significant damages, including but not limited to:

   a. Expenses for repairs that should have been made by SWH.

   b. The costs of finding and securing a new place to live, including moving expenses.

   c. Physical and emotional distress from living in uninhabitable conditions.

   d. Property damage;

   e. Loss of use and enjoyment of the home;

   f. Medical expenses and other consequential losses reasonably resulting from the uninhabitable conditions.

75. Plaintiffs are entitled to compensation from SWH for these damages.

## COUNT V – NEGLIGENCE

76. Plaintiffs, Melissa Rivera and Jose Rivera-Aponte assert a claim of negligence against THR. A.R. asserts a claim of negligence against SWH and THR.

77. Plaintiffs re-allege ¶¶ 25–47 as if fully set forth herein.



600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

78. At all relevant times, SWH owned/leased the premises and THR acted as SWH's property manager/agent responsible for maintenance, inspections, repairs, and vendor coordination. Defendants exercised (and/or undertook) control over the condition, maintenance, and repair of the premises.

79. Defendants owed Plaintiffs a duty to exercise reasonable care to keep the premises in a reasonably safe and habitable condition; to inspect when put on notice of defects; to warn of known, non-obvious dangers; to timely and properly repair hazardous conditions; and, when undertaking repairs or remediation, to do so with reasonable care (including retaining and supervising competent contractors and following accepted health/safety and remediation protocols). Defendants' duties to maintain safe, habitable conditions are non-delegable; attempting to assign repairs to vendors does not relieve Defendants of liability for negligent performance.

80. Defendants breached their duties, including without limitation by:

   a. Failing to repair or replace a deteriorated, deficient roof;

   b. Allowing ongoing water intrusion and structural moisture in ceilings, walls, floors, and cabinetry;

   c. Failing to dry, remove, and replace water-damaged building materials and to control moisture sources;

d. Failing to provide adequate ventilation/air handling and to maintain clean, safe HVAC/ductwork, leading to contamination and poor indoor air quality;

e. Failing to assess, contain, and remediate microbial growth using appropriate, industry-accepted procedures and qualified personnel;

f. Canceling or delaying scheduled repairs and sending a contractor who sprayed chemicals while wearing protective gear, without containment, warning, or effective remediation;

g. Failing to warn, relocate, or otherwise mitigate exposure risks after receiving actual notice (work orders, positive mold test, Seven-Day Notice) and inspection findings confirming hazardous conditions;

h. Negligently hiring/retaining/supervising contractors and vendors; and

i. Otherwise failing to comply with applicable building/housing/health standards and to act as a reasonably prudent landlord/manager under the circumstances.

81. Defendants had actual and/or constructive notice of the dangerous conditions through Plaintiffs' repeated complaints, written work orders, the Seven-



Day Notice, and the licensed mold inspection documenting hazardous indoor conditions.

82. Defendants' breaches were the direct and proximate cause of Plaintiffs' injuries and losses, including:

    a. Personal injuries (e.g., respiratory symptoms, dermatitis, allergic reactions, headaches, and other physical ailments), with resulting medical evaluation, treatment, and medication;

    b. Property damage/contamination to clothing, furnishings, and other personal effects;

    c. Loss of use/enjoyment of the home and diminution in value of the leasehold; and

    d. Out-of-pocket expenses, including temporary housing, relocation/moving/storage, cleaning/remediation, and other mitigation costs.

83. Defendants acted with gross negligence and/or conscious disregard for Plaintiffs' health and safety by knowingly allowing hazardous conditions to persist after repeated notice, canceling repairs, employing superficial "spray" measures in lieu of remediation, and failing to relocate or adequately warn a household that included a minor child. As a result, Plaintiffs are entitled to punitive damages.



600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable of fact in this action.

## PRAYER

Plaintiffs demands the following relief for each and every claim against Defendants:

a. Compensatory; general and special damages in an amount in accordance with proof;

b. Punitive damages for all gross negligent and intentional conduct by said Defendants.

c. Consequential damages and/or reliance damages;

d. Restitution;

e. Expectation damages;

f. Reasonable attorneys' fees and expenses of litigation, including but not limited to those fees permitted by statute and contract;

g. Statutory remedies,

h. Prejudgment and post-judgment interests;

i. Injunctive relief;

j. Nominal damages;



600 Southwest 4th Avenue, Fort Lauderdale, Florida 33315

  k. Costs of suit and interest accrued incurred herein; and

  l. Other forms equitable and/or legal relief the Court deems just or proper.

                  Respectfully submitted by:
                  PIERRE **SIMON**
                  Attorneys for Plaintiffs
                  600 Southwest 4th Avenue,
                  Fort Lauderdale, Florida 33315

                  By: <u>s/ Faudlin Pierre</u>
                  Faudlin Pierre, Esq.
                  FBN. 56770
                  fplaw08@yahoo.com